Theresa GONZALEZ, Appellant,

v.

Alvaro GONZALEZ, Appellee.

No. 15487.

Court of Civil Appeals of Texas, San Antonio.

Dec. 10, 1975.

Rehearing Denied Jan. 7, 1976.

Mayo J. Galindo, P. Joseph Brake, Galindo, Cooper & Brake, San Antonio, for appellant.

Earl S. Post, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal by Theresa Gonzalez and her 18-year old son, Alvaro Gonzalez, Jr., from a judgment denying either of them any recovery for delinquent child support payments allegedly owed by appellee under a decree of divorce.

Alvaro and Theresa Gonzalez were divorced on June 10, 1957. Custody of their five-month old son, Alvaro, Jr., was granted Theresa Gonzalez, and Alvaro Gonzalez was ordered to pay the sum of $15.00 weekly for a period of eight weeks and thereafter the sum of $10.00 per week until the son reached the age of 18 years. On April 2, 1973, Theresa Gonzalez filed a motion for contempt wherein she alleged that Alvaro Gonzalez was delinquent in the sum of $7,800.00. The motion was heard on April 17, 1973, and by order signed on April 26, 1973, Alvaro Gonzalez was found to be delinquent in the amount of $2,000.00. It was ordered that he be committed to jail for a period of three days and until he purged himself by paying the $2,000.00 in arrearages. The order provided that the arrearages could be paid in the following manner: the sum of $1,000.00 was to be paid in cash by May 21, 1973; the weekly support payments were to be increased to $25.00 per week until the arrearages were paid; and thereafter, the weekly payments would be reduced to $10.00 per week until the minor became 18 years of age.

On July 1, 1974, Theresa Gonzalez filed another motion for contempt and to reduce to judgment all unpaid child support payments which Alvaro Gonzalez was ordered to pay under the original divorce decree. She alleged that Alvaro Gonzalez was delinquent in the total sum of $6,490.00, of which sum, $155.00 was owed under the court's contempt order of April 26, 1973. On January 20, 1975, an amended motion was filed wherein the son, Alvaro Gonzalez, Jr., was joined as a petitioner and sought to recover in his own name the unpaid child support. Trial was had before the court and a judgment signed on May 12, 1975, whereby petitioners were denied all relief except for the sum of $500.00, allowed as attorneys' fees for bringing such action.

Appellant, Theresa Gonzalez, complains by two points that the trial court erred in holding she could not go behind the order of April 26, 1973, to recover child support payments allegedly owed by Alvaro Gonzalez under the original divorce decree. In this connection, it is urged that the order of April 26, 1973, was in truth and fact based on a consensual agreement which was procured through fraud upon her by Alvaro Gonzalez. The son, Alvaro, Jr., urges by two points that he should not be estopped

by the April 26th order from recovering all unpaid child support installments in that he was not a party to such proceeding and, in fact, could not bring such an action until he became 18 years of age on November 27, 1974.

The order of contempt signed on April 26, 1973, provides in part that the parties, Theresa Gonzalez and Alvaro Gonzalez, came in person and by their attorneys and announced ready; and "the Court, having heard and considered the evidence and the argument of counsel, is of the opinion and finds that the said Alvaro Gonzalez is guilty of contempt of this Court [in] that he has failed and refused to make child support payments in the total sum of $2,000.00 and is now in arrears in said sum." Appellants concede that all payments called for by the April 26, 1973 order have now been made by appellee, including the $155.00 delinquent on July 1, 1974.

 It is seen that the order specifically sets out that the court heard and considered the evidence. There was no appeal from this final order or even a complaint as to the form of same. Appellant may not do so now by this collateral attack. The April 26, 1973 order was based upon power conferred by Article 4639a, Tex.Rev.Civ.Stat. Ann., which statute could be enforced only by contempt proceedings.[1] *Menner v. Ranford*, 487 S.W.2d 698 (Tex.1972); *Hutchings v. Bates*, 406 S.W.2d 419 (Tex.1966). Appellant voluntarily accepted the benefits of this judgment, including a substantial cash payment, and cannot now complain of the judgment. *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002 (1950). In any event, it cannot be said, after an examination of the statement of facts, that Theresa Gonzalez' claim of fraud was established as a matter of law. The two points of error asserted by appellant, Theresa Gonzalez, are without merit and overruled.

The divorce decree did not require appellee to make any support payments directly to his minor son. The suit before us was not a claim for necessaries furnished to the son. To the contrary, the evidence established that all support was furnished by his mother. We do not know of any authority for the son to now assert a claim for payments that were required to be made to his mother. It has been held that a child cannot maintain an independent suit to recover against his parent for support and maintenance. *Price v. Price*, 197 S.W.2d 200 (Tex.Civ.App.—El Paso 1946, writ ref'd). The trial court did not err in denying appellant, Alvaro, Jr., a recovery for alleged delinquent support payments. His two points of error are overruled.

The judgment is affirmed.

---

**1.** Sec. 14.09(c) of the Texas Family Code, which was effective January, 1974, authorizes the court, upon motion of any party entitled to receive payments for the benefit of a child, to render judgment against a defaulting party for any unpaid amount owed under an order of the court.