Ex parte  J. A. HARWELL, Petitioner.

No. 5602.

Court of Civil Appeals of Texas,
Waco.

June 24, 1976.

Tommy P. Herring, McClintock, Herring & Youts, Waco, for relator.

Laird Palmer, Steve M. Orr, Austin, for respondent.

OPINION

JAMES, Justice.

This is a habeas corpus proceeding. Petitioner J. A. Harwell filed this application for writ of habeas corpus contending that he is being restrained of his liberty by virtue of a writ of attachment issued out of the 53rd District Court of Travis County, Texas, as a result of an order signed by said court holding him in contempt of a previous

order. We grant the relief sought and discharge Petitioner from custody.

The background facts are these:

Petitioner J. A. Harwell and his former wife B. K. Harwell were divorced by a decree of the 53rd District Court of Travis County, Texas, in Cause No. 190,156, on April 16, 1973, in which decree J. A. Harwell was ordered to pay as child support the amount of $100.00 per month. In addition thereto said divorce decree provided that an arrearage of $1965.00 which J. A. Harwell theretofore owed by way of temporary alimony and child support was reduced to judgment bearing 6% per annum interest from the date of said decree until paid. Thereafter, B. K. Harwell utilized post judgment discovery remedies in attempts to discover assets out of which said judgment could be collected and satisfied.

In February 1975, a Motion for Contempt was filed by the attorney representing B. K. Harwell alleging two grounds for contempt, to wit, (1) a current arrearage in the amount of $100.00, and (2) the $1965.00 arrearage of temporary alimony and child support which was reduced to judgment by the divorce decree of April 16, 1973. These contempt matters (along with other related visitation and child support matters) were heard on March 7, 1975, in the 53rd District Court by Judge B. B. Schraub, a visiting district judge. After said hearing, Judge Schraub made findings of fact and conclusions of law, among which he found that the $100.00 current arrearage had been paid prior to the date of the hearing; and in addition thereto, said court denied B. K. Harwell's motion for contempt on the count alleging the $1965.00 arrearage which had been reduced to judgment. Said court held that said money judgment "may be enforced by any means available for the enforcement of judgments for debts, but may not be enforced by an action for contempt," and that "the amount of money referred to in said judgment was an obligation imposed upon the said J. A. Harwell to be made from his own income or property (in the future) as distinguished from an amount of money to be delivered to the said B. K.

Harwell as a portion of the community property."

B. K. Harwell appealed from the trial court's judgment, which included Judge Schraub's refusal to hold J. A. Harwell in contempt. The Austin Court of Civil Appeals affirmed the trial court's judgment, pointing out in the appellate opinion that the trial court's refusal to hold J. A. Harwell in contempt was not appealable. After this, the attorneys on both sides conceded that this was correct. Thereafter, the attorneys for B. K. Harwell filed an application for writ of error to the Supreme Court of Texas; however, said application did not raise any point of error about the contempt issue.

And now we come to the contempt proceeding out of which arose the writ of habeas corpus presently before us: On March 25, 1976, the said B. K. Harwell (now Horne) filed a new motion for contempt setting out two grounds: (1) alleging that J. A. Harwell was at the time of filing said motion $100.00 in arrears in current child support, and (2) the $1965.00 arrearage of temporary alimony and child support which had been reduced to judgment in the divorce decree of April 16, 1973. This $1965.00 arrearage of course was the same arrearage for which Judge Schraub had refused to hold J. A. Harwell in contempt in the 1975 proceeding hereinabove referred to.

Pursuant to this last motion for contempt, the court on March 25, 1976, entered an order commanding the Clerk to issue notice to "*J. A. Harwell, Route 6, Box 843, Waco, McLennan County, Texas,* to appear before this court on the 15th day of April 1976, at 2 o'clock P.M. to show cause _____" why he should not be held in contempt for the $100.00 current arrearage and the $1965.00 arrearage hereinabove mentioned.

For reasons not shown by the record, J. A. Harwell was never personally served by any notice of any kind, but instead a notice was sent by certified mail, return receipt requested, to Hon. Tommy P. Herring, Attorney at Law, of Waco, Texas, who had represented J. A. Harwell in the previous

1975 contempt hearing before Judge Schraub and the appeal therefrom. Upon receipt of this notice by certified mail, Mr. Herring wrote a letter to the District Clerk of Travis County, advising that J. A. Harwell had not been served with personal service of any kind, but that he (Herring) had received the notice by certified mail. Herring further advised the Clerk that "I am not authorized and do not accept service for him in this matter." Also, Herring advised that neither he nor J. A. Harwell would be present for the hearing.

Hearing was had on the last named contempt action on April 16, 1976, before Judge James R. Meyers, sitting for the 53rd District Court of Travis County, at which hearing neither J. A. Harwell nor Attorney Herring were present. At this hearing B. K. Harwell Horne and her husband Ed Horne testified that they both talked to J. A. Harwell on the telephone more than ten days before the hearing and that J. A. Harwell actually knew about the hearing and the time and place was same was to be held:

On April 22, 1976, Judge Meyers entered an order which recited that J. A. Harwell had paid the $100.00 current arrearage after the motion for contempt had been filed, but prior to the hearing. Then Judge Meyers's order adjudged J. A. Harwell to be in contempt of court on two counts, to wit, (1) the $100.00 current arrearage and (2) the $1965.00 arrearage which had been reduced to judgment in the April 16, 1973, divorce decree. Punishment for both counts of contempt was set at a $500.00 fine and confinement in jail for 60 days and thereafter until J. A. Harwell has "fully purged himself of contempt by paying ____ the sum of $2465.00 fine and back child support."

Pursuant to Judge Meyers's order of April 22, 1976, a writ of attachment was issued upon which J. A. Harwell was arrested and placed in custody, which precipitated the filing of the application for writ of habeas corpus now before us. We granted the writ, ordered the Petitioner to be brought before us, and authorized a $500.00 bond pending decision herein.

Petitioner asserts that the writ of attachment is void and that he is being illegally restrained of his liberty for the following three reasons: (1) That he was denied due process of law for failure to have been served with personal service of the contempt hearing in question; (2) that the contempt order of April 22, 1976, is void because it amounts to imprisonment for debt in violation of Article I, Section 18, of the Texas Constitution; and (3) that Judge Schraub's order of March 7, 1975, wherein the court declined to hold Petitioner in contempt concerning the $1965.00 arrearage reduced to judgment was res judicata of this matter, and contempt being quasi-criminal in nature, he pleads also former jeopardy. We sustain these contentions and hereby order Petitioner discharged from custody.

We revert to Petitioner's first ground, to wit, that he was denied due process of law because he was not served with personal service of the contempt hearing. Rule 308–A, Texas Rules of Civil Procedure, provides, inter alia, that upon the filing of a motion for contempt, "____ the court may issue a show cause for order to the person alleged to have disobeyed such support order, ____. Notice of such order shall be served on the respondent in such proceedings *in the manner provided in Rule 21a,* not less than ten days prior to the hearing on such order to show cause." (emphasis supplied).

Now, Rule 21a provides: "Every notice required by these rules, other than the citation to be served upon the filing of a cause of action, and except as otherwise expressly provided in these rules, may be served by delivering a copy of the notice or of the document to be served, as the case may be, to the party to be served, or his duly authorized agent, or his attorney of record, either in person or by registered mail to his last known address, *or it may be given in such other manner as the court in its discretion may direct.*" (Rule 21b authorizes certified mail in lieu of registered mail).

In the contempt hearing in question, the court specifically ordered and directed that the Clerk "issue notice to J. A.

Harwell, Route 6, Box 843, Waco, McLennan County, Texas." This address of J. A. Harwell used in the court's order was furnished to the court by B. K. Harwell in her motion for contempt. The court's specific order was not obeyed, and J. A. Harwell was never served with any personal service, either by citation or by certified or registered mail, at the address designated in the order or at any other address. Instead a notice by certified mail was sent to Tommy P. Herring at his law office, Post Office Box 4355, Waco, Texas. We hold that Petitioner has been denied due process of law because he was not served in the manner set out by the court in its order directing in what manner and at what address Petitioner was to be served. There is no showing in the record, nor is it contended that J. A. Harwell was secreting himself for the purpose of evading process. There is also no showing that Attorney Herring was the attorney of record for J. A. Harwell in the contempt action in question at the time of such purported service. The record does show that Mr. Herring represented J. A. Harwell in the previous contempt hearing in 1975 before Judge Schraub, and in the appeal therefrom. The mere fact that Mr. Herring was Petitioner's Attorney in the previous litigation does not necessarily mean that he was still Harwell's "attorney of record" in a new, separate and distinct contempt action at the time the certified notice was mailed to him. In fact, Herring's letter to the Clerk of April 9, 1976, stated that he was not authorized to accept service for Harwell and was not accepting same. In other words, the litigation in which Harwell had employed Mr. Herring to represent him had been theretofore completed, and we fail to see how Mr. Herring could be Harwell's "attorney of record" within the context of Rule 21a unless and until he had been once more employed by Harwell. See Vol. 7 (Part 1) Tex.Jur.2d "Attorneys at Law," par. 67, p. 100, and the cases therein cited. For these reasons we sustain Petitioner's first point and hold that he has been denied due process of law for want of service of notice of the contempt hearing.

We next proceed to Petitioner's second point, to wit, that the contempt order is void in that it authorizes imprisonment for debt in violation of Article I Section 18 of the Texas Constitution. We sustain this contention. As hereinabove stated, in the divorce decree of April 16, 1973, B. K. Harwell was awarded judgment against Petitioner J. A. Harwell in the amount of $1965.00 for arrearages then existing of temporary alimony and child support, plus 6% per annum interest from the date of judgment until paid. At the time of divorce decree that is, April 16, 1973, there was no provision for the trial court to enter a judgment for arrearages of temporary alimony and child support. See *Burger v. Burger* (1957), 156 Tex. 584, 298 S.W.2d 119; *Ex parte Hooks* (Tex.1967), 415 S.W.2d 166. As of that time our Supreme Court had held that an obligation to make child support payments was not a debt and could be enforced only by contempt proceedings. *Hutchings v. Bates* (Tex.1966), 406 S.W.2d 419.

However, on January 1, 1974, section 14.09 of the Family Code went into effect, section (c) of which reads as follows:

"(c) On the motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of the order. *The judgment may be enforced by any means available for the enforcement of judgments for debts.*" (emphasis supplied). In other words, section 14.09(c) of the Family Code now authorizes a judgment to be entered for arrearages of child support.

In spite of *Burger v. Burger* and the other cases hereinabove cited, the judgment for $1965.00 back temporary alimony and child support contained in the Harwell divorce decree of April 16, 1973, was not appealed from and became a final judgment, even though it was erroneous at the time of its entry and was subject to reversal had an appeal been timely prosecuted.

Since it was and now is a final judgment, and now sanctioned by section 14.09(c) of the Family Code, it is unquestionably a debt, and any attempt to incarcerate Petitioner J. A. Harwell for contempt for failure to pay it amounts to imprisonment for debt and runs afoul of Article I, Sec. 18 of the Texas Constitution.

 As stated before, the contempt order now in question adjudged Petitioner guilty of contempt on two grounds, to wit: (1) for failure to pay $100.00 in current arrearage of child support, and (2) for failure to pay the $1965.00 arrearage theretofore reduced to judgment. Since we have held that Petitioner could not be jailed for failure to pay the $1965.00, then the whole contempt order is void. Where one penalty is affixed for more than one act of contempt, and it is found that the relator could not be held in contempt for one of the acts, the whole judgment is tainted and void, and a person held under it is illegally restrained of his liberty. *Ex parte Turner* (Tex.Civ.App., Houston 1st, 1972) 478 S.W.2d 256, no writ; *Ex parte Werner* (Tex.Civ.App., San Antonio, 1973), 496 S.W.2d 121, no writ; *In re Newton* (Tex.Civ.App., Houston 14th, 1976), 534 S.W.2d 194, no writ.

Petitioner has pleaded res judicata and double jeopardy, and in his final point of error asserts that he was tried once before (in the contempt hearing before Judge Schraub hereinabove described) concerning his failure to pay the $1965.00 arrearage and was found to be not guilty for that alleged ground of contempt. We sustain this contention. The former contempt proceeding was between the same parties litigating over the same issues concerning the same $1965.00 arrearage, in which litigation Petitioner was adjudged to be not guilty of contempt. See Vol. 34 Tex.Jur.2d "Judgments", par. 450, p. 487, and par. 451, p. 492. If we were to hold otherwise, we would sanction a man being required to stand trial for asserted contempt time after time upon the same grounds. The complaining party if unsuccessful would merely have to file a new contempt motion on the same grounds in another court, to be tried by another judge who might view the matter differently.

Finally, our Supreme Court has held that a contempt action, although civil in nature, has some of the incidents of a trial for crime, and is quasi-criminal in nature. *Ex parte Cardwell* (Tex.1967), 416 S.W.2d 382; *Ex parte Genecov* (1945), 143 Tex. 476, 186 S.W.2d 225. Bearing this background rule in mind impels us to be mindful of our obligation to uphold constitutional safeguards of individual liberty.

For all the reasons herein stated, we hold that Petitioner J. A. Harwell has been illegally restrained of his liberty, and he is hereby discharged.

PETITIONER DISCHARGED.