Ella V. WHITLEY, Appellant,

v.

Jesse Lee WHITLEY, Appellee.

No. 8108.

Court of Civil Appeals of Texas, Beaumont.

April 20, 1978.

Delmar S. Hilliard, Newton, for appellant.

Sid S. Stover, Jasper, for appellee.

DIES, Chief Justice.

Ella V. Whitley appeals from a dismissal of her motion to reduce unpaid child support to judgment. The trial court held that a previous contempt action is res judicata as to the present action.

The parties were divorced on February 4, 1970, and plaintiff was awarded custody of their four minor children. Defendant was ordered to make child support payments of $160 per month. On April 7, 1976, Ella Whitley moved to increase the child support payments and moved that Jesse Lee Whitley be held in contempt for failure to pay previously due child support.

On July 22, 1976, the trial court, Judge O'Neal Bacon presiding, found defendant in contempt, and ordered him committed to jail until he purged himself of contempt. Judge Bacon then stayed the commitment order so long as defendant made the increased child support payments also contained in the order. The court further ordered that Jesse Lee Whitley pay no delinquent child support due as of July 22, 1976.

On September 12, 1977, Ella V. Whitley filed a second motion for contempt and a motion to reduce unpaid child support to judgment. On October 18, 1977, the trial court, Judge Monte Lawlis presiding, overruled plaintiff's motion for contempt, and held that the July 22, 1976, judgment was res judicata as to the motion to reduce unpaid child support to judgment. Plaintiff appealed from the overruling of her motion to reduce unpaid child support to judgment.

■ Our record does not contain any written pleadings by the defendant. The order denying plaintiff's motion to reduce unpaid child support to judgment recites that defendant's attorney "entered an oral plea of res judicata to petitioner's motion, alleging that all matters in controversy in this motion had been finally decided by a prior order entered in this matter of July 22, 1976." [1]

■ Res judicata is an affirmative defense, and must be affirmatively pled under *Tex.R.Civ.P. 94*, so as to give the plaintiff notice of defensive issues to be tried. *Reid v. Associated Employers Lloyds*, 164 S.W.2d 584 (Tex.Civ.App.—Fort Worth 1942 writ ref'd); *Layton v. Layton*, 538 S.W.2d 642, 647 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.). Since defendant failed to properly plead his affirmative defense, it was waived. *Petroleum Anchor Equipment, Inc. v. Tyra*, 419 S.W.2d 829, 835 (Tex.1967); *Allandale Nursing Home, Inc. v. John Bremond Co., Inc.*, 514 S.W.2d 958,

959 (Tex.Civ.App.—Austin 1974, writ ref'd n.r.e.); *Lewis v. McClelland*. 502 S.W.2d 915, 921 (Tex.Civ.App.—Austin 1973, no writ). The trial court therefore erred in sustaining an oral plea of res judicata.

■ However, an affirmative defense may be tried by consent, even if it is not properly plead, as mentioned in *Tyra*, supra. See *Tex.R.Civ.P. 67*. Plaintiff did not object to defendant's plea of res judicata on the grounds that the issue was improperly pled, but instead objected on the substantive grounds that the prior order was not res judicata. Under these circumstances, we hold that the affirmative defense of res judicata was tried by consent of the parties, even though it was not properly raised by defendant's pleadings. See *Willeford v. Walker*, 499 S.W.2d 190, 193 (Tex.Civ.App. —Corpus Christi 1973, no writ).

■ Since the defense of res judicata was tried by consent of the parties, the trial court properly held that the order of July 22, 1976, barred the later motion to reduce unpaid child support to judgment. A motion for contempt and a motion to reduce unpaid child support to judgment are separate remedies, not separate causes of action. *Houtchens v. Matthews*, 557 S.W.2d 581 (Tex.Civ.App.—Fort Worth 1977, writ dism'd). Both remedies are dependent upon a finding that the defendant was in fact delinquent in his child support payments. This controlling issue was determined in the July 22, 1976, judgment. This judgment found that the defendant owed such sums, but ordered that sums due before the date of the judgment not be paid. This order was not limited to the remedy of a motion for contempt, but also barred the remedy of a motion to reduce unpaid child support to judgment.

■ If the plaintiff had objected to or appealed from the judgment of July 22, 1976, that part of the judgment modifying

---

1. We take judicial knowledge of the fact that District 1A, from which this appeal comes, was created by Acts 1977, 65th Leg., p. 2154, ch. 860, § 1, eff. September 1, 1977. See *Tex.Civ. Stat.Ann. art. 199a, § 3.075* (Supp.1978). Thus,

we judicially know that the 1976 order relied upon to establish res judicata could not have been entered in the court hearing this proceeding.

defendant's past-due child support would no doubt have been set aside. Courts previously had the power to modify the date of payment of past-due child support. *Tex. Rev.Civ.Stat.Ann. art. 4639a* (since repealed). This power was not carried over into the enforcement provisions of the Family Code. *Tex.Family Code Ann. § 14.09* (1975). Under the Family Code, child support payments may not be modified once they have accrued; an order providing for support may be modified only as to subsequent support obligations. *Tex.Family Code Ann. § 14.08(c)(2)* (Supp.1978); *Houtchens,* supra.

Since plaintiff agreed to the July 22, 1976, judgment, and did not object to it or appeal from it, she may not attack that judgment through a collateral proceeding. As Justice Barrow noted in *Gonzalez v. Gonzalez,* 532 S.W.2d 382 (Tex.Civ.App.— San Antonio 1975),[2] since the wife accepted the benefits of the first judgment—increased child support payments in the present case—she may not later complain of that judgment in a separate proceeding.

Finding no reversible error, we affirm the decision of the trial court.

AFFIRMED.

---

2. *Shepard's Southwestern Reporter,* February 1978, indicates that the writ of error was dismissed. The writ of error tables show no writ history.