**Brinda FRANK (formerly Brinda Reese), Appellant,**

v.

**Claude Lee REESE, Appellee.**

**No. 17524.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

Dec. 6, 1979.

Rehearing Denied Jan. 17, 1980.

Bresenhan, Martin & Wingate, Maurice Bresenhan, Jr., Clayton A. Davis, Houston, for appellant.

John Cutler, Houston, for appellee.

DOYLE, Justice.

This is an appeal from a family law proceeding brought by Brinda Frank, formerly Brinda Reese (appellant) wherein the trial court, without a jury, refused to reduce unpaid child support to judgment against Claude Lee Reese (appellee). The appellant combined a motion to reduce unpaid child support to judgment with a motion for contempt. The trial court granted the contempt motion and denied the motion to reduce the unpaid child support to judgment. Appellant claims that as a matter of law, she was entitled to a judgment on the unpaid support by virtue of § 14.08(c)(2) and § 14.09(c) of the Texas Family Code (1975).

We reverse and render in part and in part reform and affirm.

The parties were divorced July 13, 1972. The court awarded custody of the couple's minor child to appellant and ordered appellee to pay $40 per week child support. It is uncontroverted that appellee has failed to pay this child support except for the sum of $500, leaving an unpaid balance of $13,260, although the judgment recites the figure of $11,500. Appellee was also ordered to pay $250 to appellant's attorney and $31 court costs.

Evidence adduced at the trial showed appellee is a bricklayer and when employed he averages $1,200 per month. Appellee is currently involved in a second divorce proceeding and will most likely be required to pay child support to the issue of that marriage.

Appellee testified he has approximately $1,200 in savings, which he agreed to pay $600 in support to appellant, $250 to appellant's attorney, and $31 in court costs to purge himself of the contempt judgment. His child support payment was raised by $5 per week toward liquidation of the support arrearages.

Findings of fact and conclusions of law were not requested nor filed. Appellant's appeal states two points of error, complaining of trial court errors in failing to reduce to judgment the past due child support and in miscalculating the amount of arrearages due.

The question before this court is whether the trial court had the legal duty to reduce to judgment the unpaid child support due by the appellee when such a request was coupled with a motion for contempt.

■ Because of the limited nature of the contempt proceeding, a nonpaying parent who could prove his present inability to pay would be discharged from confinement. *Ex parte Howe,* 457 S.W.2d 642 (Tex.Civ. App.—Houston [1st Dist.] 1970, no writ); *Ex parte Gonzales,* 414 S.W.2d 656 (Tex. 1967). Nor could a party once tried and released in a contempt matter, be tried again in a separate proceeding based on the same unpaid support amount if he chose to plead former jeopardy and res adjudicata. *Ex parte Harwell,* 538 S.W.2d 667 (Tex.Civ. App.—Waco 1976, no writ). If the defaulting parent proved his inability to pay, but the court felt he should be punished, it was restricted to confining him in jail for a fixed period only; when this period was over such parent was discharged and the arrearage was forgiven and forever lost for the child recipient. Other jurisdictions are reluctant to give full faith and credit to an order for contempt due to its punitive nature and the continuing power of the trial

court to modify and forgive any arrearage. To offset the limited relief available through the contempt action, appellant coupled her motion for contempt with her motion to reduce unpaid support on the theory that each is an alternative remedy. It is her contention that if she does not present the motions jointly, she would be barred from presenting them in sequence. *Gonzalez v. Gonzalez,* 532 S.W.2d 382 (Tex.Civ. App.—San Antonio 1975, no writ); *Harrison v. Cox,* 524 S.W.2d 387 (Tex.Civ.App.— Ft. Worth 1975, writ ref'd n. r. e.); *Whitley v. Whitley,* 566 S.W.2d 660 (Tex.Civ.App.— Beaumont 1978, no writ). We think there is merit in appellant's contention that the motions for contempt and to reduce the delinquent support payments to judgment may be brought concurrently.

Before § 14.08(c)(2) and § 14.09(c), became effective, appellant had only the remedy of contempt to collect delinquent support payments. These sections now provide an additional remedy. They provide:

§ 14.08. MODIFICATION OF ORDER

. . . (c) After a hearing, the court may modify an order or portion of a decree that: . . . (2) provides for the support of a child, sets the terms and conditions for access to or possession of a child, or prescribes the relative rights, privileges, duties, and powers of conservators if the circumstances of the child or a person affected by the order or portion of the decree to be modified have materially substantially changed since the entry of the order or decree; except that an order providing for the support of a child may be modified only as to obligations accruing subsequent to the motion to modify.

§ 14.09. ENFORCEMENT OF ORDER

(c) On the motion of any party entitled to receive payments for the benefit of a child, the court may render judgment against a defaulting party for any amount unpaid and owing after 10 days' notice to the defaulting party of his failure or refusal to carry out the terms of

the order. The judgment may be enforced by any means available for the enforcement of judgments for debts.

In *Harrison v. Cox,* supra, Justice Brewster writing for the court stated:

We are convinced that the purpose of Art. 14.09 was to provide courts with efficient means of enforcing the payment of child support obligations and that the Legislature intended the different remedies provided by that Statute for the collection of child support to operate independently of each other as well as concurrently. In other words, it is not necessary for the facts in a case to be such that the court would be authorized to hold the defaulting parent in contempt of court before the court could render a judgment against him for delinquent child support payments as provided for in Art. 14.09(c). There are many instances where one of the remedies provided for by the Statute would be fruitless, but where the child support or a part thereof could be collected by means of the other remedy.

The court in *Houtchens v. Matthews,* 557 S.W.2d 581 (Tex.Civ.App.—Fort Worth 1977, writ dism'd), reiterated the above paragraph emphasizing the words "operate independently of each other as well as concurrently . . . ."

A commentary in 5 Tex.Tech L.Rev. 432 (1973–74) regarding the above statutes points out their operative purpose and effect as follows.

§ 14.08 MODIFICATION OF ORDER

Subsection (c) states existing law except in the provision that support obligations may be modified only prospectively. This operates to penalize an obligor who does not promptly seek court relief. See commentary to section 14.09 for a discussion of the effect of this provision and the broadened enforcement provisions of Chapter 14. This makes each installment under an order for periodic support or maintenance final and nonmodifiable when it falls due. The purpose of making each installment final is to give each past due installment the status of a final judgment entitled to full faith and credit in other states. *Griffin v. Griffin,* 327 U.S. 220 [66 S.Ct. 556, 90 L.Ed. 635] (1945); *Sistare v. Sistare,* 218 U.S. 1 [30 S.Ct. 682, 54 L.Ed. 905] (1910); *Ex Parte Helms,* 259 S.W.2d 184 (152 Tex. 480, 1953); *Rumpf v. Rumpf,* 242 S.W.2d 416 (150 Tex. 475, 1951).

§ 14.09 ENFORCEMENT OF ORDER

Subsection (c) is authority for the court to reduce child support payments to a judgment which can be enforced as judgments are generally enforced. See also commentary to section 14.08(c). *Menner v. Ranford,* 487 S.W.2d 698 (Tex.1972) held that arrearages in child support could be the subject of a judgment payable in installments under the court's power to alter, suspend or modify support orders, a power that was in addition to the power of the court to imprison the obligor in contempt. The result of that case was that if a court enforcing a support obligation finds the obligor in arrears, and hence in civil contempt, the court could permit the obligor to purge his contempt by periodic payments of the arrearage and suspension of the commitment. The contempt may continue under subsection (a) as long as the arrearage is unpaid. *Ex parte Hooks,* 415 S.W.2d 166 (Tex.1966). The combination of remedies afforded an obligee under this section and under URESA (Title 2, Chapter 21 of the code, infra) is as broad as any to be found in the United States. Subsection (d) states prior law.

By means of both of these remedies appellant is doubly insured of collecting the child support owed to her. She has the remedy of contempt available in the state of Texas as a means of immediately recovering a part of the amount owed and she has the remedy of a judgment which would protect her if appellee at some future date were to take up residence in another state. In accord with the trend in Texas to expand the means of child support enforcement, we hold both remedies may be concurrently ordered.

Appellant's other point of error refers to the trial court's mathematical calculation of the amount of arrearage due for unpaid child support.

The undisputed facts show the divorce decree fixed the child support payments at $40 per week beginning Friday, July 21, 1972. On the date of the hearing on the subject motions, Friday, February 20, 1979, a total of 344 weeks had passed. This figure times $40 equals $13,760. Both parties agree that appellee had paid $500 to appellant. With this credit, appellee owed the sum of $13,260 instead of $11,500 as recited in the order. We sustain both of appellant's points of error.

Accordingly, the judgment of the trial court is reversed and judgment is rendered granting the motion to reduce the unpaid child support to judgment in the amount of $13,260 against the appellee, with interest thereon at the rate of 9% from February 20, 1979. Judgment is further rendered that the provision granting the $5 per week increase in the child support payment is hereafter struck from the contempt judgment, as no contempt may be brought nor commitment made for failure to make timely payments of the $5 per week as ordered, since to do so would violate art. 1, § 18, Texas Constitution. From henceforth contempt may be only for default in the future payments of the $40 per week support provision of the decree.

Judgment is further rendered that the $11,500 amount of arrearage set forth in the contempt order be reformed to show such arrearage to be $13,260. All other provisions of the contempt order are affirmed.

COLEMAN, C. J., and WALLACE, J., also sitting.