In the Interest of C.L.C. and S.D.C., Children.

No. 09–88–135 CV.

Court of Appeals of Texas, Beaumont.

Nov. 3, 1988.

George Barron, Orange, for appellant.

Nancy L. Hamilton, Simmons, Swernemann, Hamilton Fletcher & Rosales, Houston, for appellee.

## OPINION

BURGESS, Justice.

Dale R. Carter and Karen Carter (now Knight) were divorced December 6, 1982. The decree named Mrs. Knight managing conservator and Mr. Carter possessory conservator of their two minor children and ordered him to make weekly child support payments. On April 16, 1985, the trial court signed a decree terminating the parent-child relationship between Mr. Carter and the two children.

On November 13, 1987, Mrs. Knight filed a motion to have judgment rendered upon child support payments Mr. Carter failed to make prior to the termination of his parental rights. Mr. Carter answered by way of a plea denying the jurisdiction of the trial court and by general denial. At the hearing on the motion, Mr. Carter admitted that from the date of the termination until Mrs. Knight's motion was filed, he was absent from this state for over twenty months. The evidence was also undisputed that Mr. Carter failed to make the child support payments in issue and that such payments were due and owing when his parental rights were terminated. The trial court rendered judgment for Mrs. Knight for $9,553.50 in unpaid child support and $500 in attorney's fees. Mr. Carter has perfected this appeal.

Mr. Carter urges here, as he did in the trial court, that the trial court lacked jurisdiction to enter judgment upon Mrs. Knight's motion. Mr. Carter relies upon *TEX.FAM.CODE ANN. sec. 14.41(b)(1) & (2)* (Vernon Supp.1988) which reads, in pertinent part:

(b) Time Limitations. ... The court retains jurisdiction to enter judgment for past-due child support obligations if a motion to render judgment for the arrearages is filed within two years after:

(1) the child becomes an adult; or

(2) the date on which the child support obligation terminates pursuant to the decree or order or by operation of law.

The trial court found that Mrs. Knight's motion was filed more than two years after Mr. Carter's obligation to pay child support terminated by operation of law. Nonetheless, the trial court concluded that *TEX. CIV.PRAC. & REM.CODE ANN. sec. 16.-063* (Vernon 1986) [1] limits the application of *section 14.41(b)* of the Family Code, thereby tolling the "two-year limitation period" for the period of time Mr. Carter was absent from the state.

Mrs. Knight argues that the trial court properly construed the aboved-quoted provision of Family Code *section 14.41(b)* to be a mere limitation on actions. Therefore, Mrs. Knight argues, the running of this "limitation period" was suspended for the period of Mr. Carter's twenty-month absence from the state under *section 16.063* of the Civil Practice and Remedies Code, so that the motion for judgment was timely filed. Mrs. Knight relies upon *Ex parte Wilbanks*, 722 S.W.2d 221 (Tex.App.— Amarillo 1986, no writ) as authority that the above-quoted provision of Family Code *section 14.41(b)* is merely a statute of limitation and not a limitation on the power of the trial court to hear a motion to reduce past-due child support payments to judgment.

In *Ex parte Wilbanks*, the court of appeals construed *section 14.40(b)* of the Family Code to be a procedural statute and not the expression of a newly enacted basis of legal liability. *Ex parte Wilbanks*, 722 S.W.2d at 224. Therefore, the court of appeals held that *section 14.40(b)* could be applied retroactively without violating the constitutional prohibition against ex post facto laws. *See id.* The language of *section 14.40(b)* is exactly the same as the language we are called upon to construe in

---

**1.** *Section 16.063. Temporary Absence From State*

The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence.

**792**

this case, except that 14.40(b) applies to contempt motions and that the time limit is six months rather than two years. *TEX. FAM.CODE ANN. sec. 14.40(b)* (Vernon 1986). These two provisions were both enacted by the legislature at the same time and both took effect on September 1, 1985.

In *Ex parte Wilbanks*, the court of appeals noted that prior to the enactment of these sections, it had been held that a trial court lost continuing jurisdiction to enforce payment of child support when the child reached eighteen years of age. *Ex parte Wilbanks*, 722 S.W.2d at 223; *see also In Interest of Brecheisen*, 694 S.W.2d 438 (Tex.App.—Dallas 1985, writ dism'd). Apparently aware of the holdings of *Brecheisen* and like cases, the legislature added *sections 14.40(b) & 14.41(b)*. The legislature clearly intended, by enacting these statutes, to make enforcement of child support provisions of the code more effective and timely. *See Ex parte Wilbanks*, 722 S.W.2d at 223.

While construing *section 14.41(b)* to be merely a statute of limitation might make the enforcement provisions *most* effective, we think to do so would be to ignore the clearly expressed intention of the legislature. By enacting *section 14.41(b)*, the legislature clearly only softened the impact of cases such as *Brecheisen* upon the effectiveness of the existing enforcement measures without changing the legal principal that, at some point in time, the trial court loses continuing subject-matter jurisdiction over such matters. *Section 14.41(b)* gives the trial court continuing jurisdiction for two years longer in enforcement of child support matters, but it clearly limits the continuing subject-matter jurisdiction of the trial court.

Therefore, the running of the two-year time period was not suspended under *TEX. CIV.PRAC. & REM.CODE sec. 16.063*, which applies only to statutes of limitation. Mr. Carter's child support obligation terminated when the trial court signed the decree terminating the parent-child relationship. *TEX.FAM.CODE ANN. sec. 15.07* (Vernon Supp.1988). Under *section 14.41(b)*, the trial court had no power to enter judgment for past-due child support payments upon a motion filed more than two years after the termination of Mr. Carter's parental relationships with the children. We hereby sustain appellant's first point of error, reverse the judgment of the trial court, and remand with instructions that appellee's motion for judgment be dismissed for want of jurisdiction.

**REVERSED AND REMANDED WITH INSTRUCTIONS TO DISMISS.**