**CITY OF LOS FRESNOS,**
Texas, Appellant,

v.

**Gilberto GONZALEZ, et al., Appellees.**

**No. 13–91–136–CV.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 25, 1993.

Tom Fleming, Atlas & Hall, Brownsville, for appellant.

Richard J.W. Nunez, Robertson & Nunez, Brownsville, for appellees.

Before NYE, C.J., and SEERDEN and BISSETT[1], JJ.

## OPINION

NYE, Chief Justice.

In a trial to the bench, the City sought an injunction to cease all development of certain real property and to require the defendants below to replat the property according to local zoning ordinance. After the City rested, the trial court granted appellees' motion for judgment. 830 S.W.2d 627. We affirm.

Tom Brooks, city manager of Los Fresnos, first suspected a zoning violation on a drive through town when he noticed defendant Gilberto Gonzales moving a substandard building onto the Gallegos subdivision. He considered the activity unusual because the property was previously undeveloped. After checking the land records, Brooks discovered that no plat had ever been filed with or approved by the City. However, in

---

**1.** Assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to Tex. Gov't Code Ann. § 74.003 (Vernon 1988).

1982, the defendants below—Davila, Reyes, and Jasso—filed a plat of the Gallegos subdivision in the Cameron County Map Records. The plat shows the property divided into three separate lots and gives the relative proportions for each lot. The Cameron County Commissioner's Court approved the plat, but the City of Los Fresnos did not. The plat did not conform to local zoning ordinances.

Consequently, the City filed for an injunction, alleging an illegal subdivision because Jasso, Reyes, and Davila, acting as common owners of the property, filed the plat without obtaining the City's approval, and because the subdivision does not conform to the local ordinance. *See* TEX.LOCAL GOV'T CODE ANN. § 212.004 (Vernon Supp. 1992); Los Fresnos, Tex., Ordinance 77 (May 25, 1972), 72a (February 24, 1972). The City also alleged that Gonzales's development of the property constituted still another illegal subdivision.

The trial court granted a temporary restraining order, then a temporary injunction, prohibiting Gonzales from occupying or improving the land. Jasso and Davila appeared for a trial on the merits against the City. No service of process was ever made against Reyes. At trial, the judge granted the defendants' motion for judgment based upon two claims: (1) that the property was not within the City's jurisdiction at the time the plat was filed, and (2) that the City was precluded from enforcing the ordinances by injunction because the defendants below were separate lot owners. *See* LOCAL GOV'T CODE ANN. § 212.-018(b) (Vernon Supp.1992).[2] Finding that the defendants were separate lot owners, the trial court ruled that the City could not enforce the ordinance. It entered a take-nothing judgment in favor of Jasso and Davila. The court further ruled that Jasso should take nothing against the City on his counterclaim for tortious interference with contract.

■ By its second point, the City complains that the trial court erred in entering judgment for appellees based upon an unpled affirmative defense. We assume without deciding that separate ownership is an affirmative defense. An affirmative defense may be tried by consent, even if it is not properly pleaded. *Whitley v. Whitley*, 566 S.W.2d 660, 662 (Tex.Civ.App.—Beaumont 1978, no writ). Although no written pleading exists raising separate ownership as a defense, defense counsel orally argued the issue at trial. The City did not object to the lack of pleadings, but addressed it substantively. The trial court made his ruling based upon separate ownership. The issue was tried by consent. *See Whitley*, 566 S.W.2d at 662. Point two is overruled.

■ By its fourth point, the City claims that the trial court erred in granting appellee's motion for directed verdict because the City had introduced sufficient evidence to raise a fact issue. This case was tried to the bench, and the court granted appellee's motion for judgment after the City rested. As the trier of fact in a bench trial, the trial judge need not hear the defendant's case if, after the plaintiff rests, he is unpersuaded by the plaintiff's proof. *Qantel Business Sys., Inc. v. Custom Controls Co.*, 761 S.W.2d 302, 304 (Tex.1988). The trial court was not satisfied by the City's proof. Under *Qantel*, the court may rule on the sufficiency of the evidence, as it did here. We find no error. Point four is overruled.

**2.** Section 212.018 of the Local Government Code is a statutory grant of authority to the City to enforce its zoning ordinances, either by injunction or by a suit for damages. It reads:
　(a) At the request of the governing body of the municipality, the municipal attorney may file an action to:
　　(1) enjoin the violation or threatened violation by the owner of a tract of land of a requirement regarding the tract and established by, or adopted by the governing body under, this subchapter; or
　　(2) recover damages from the owner of a tract of land in an amount adequate for the municipality to undertake any construction or other activity necessary to bring about compliance with a requirement regarding the tract and established by, or adopted by the governing body under, this subchapter.
　(b) A reference in this section to an "owner of a tract of land" does not include an owner of an individual lot in a subdivided tract of land.

■ Next, the City, in effect, challenges the legal sufficiency of the evidence supporting the trial court's ruling. By point six, five, and seven, respectively, the City argues that it was entitled to judgment because it established a prima facie zoning violation, because there was no evidence that anyone other than the defendants below owned the property in question, and because the defendants below never claimed that the ordinances were unconstitutional. Texas law and Los Fresnos City Ordinances require the "owner of a tract of land located within the limits or in the extraterritorial jurisdiction of a municipality who divides a tract in two or more parts to lay out a subdivision" to file a plat conforming to certain specifications. TEX.LOCAL GOV'T CODE ANN. § 212.004 (Vernon Supp. 1992); Los Fresnos, Tex., Ordinance 72a (Feb. 24, 1972), 77 (May 25, 1972). In order to obtain its injunction, the City had the burden to prove that the defendants were owners of the tract, that they subdivided it, and that the subdivision did not conform to the ordinance. TEX.LOCAL GOV'T CODE ANN. §§ 212.004, 212.018 (Vernon 1988 & Supp.1992).

The City's proof consisted of the plat itself, copies of the zoning ordinances, and oral testimony. The City contends that the plat shows that appellees owned the land in common and subdivided it. The relevant portion of the plat reads:

> We [appellees and their respective wives] owners of the property herein described and delineated as Gallegos Subdivision ... do hereby adopt the foregoing map and [undiscernible] for subdividing the above described property....

The City adduced no further evidence of when the Gallegos tract was subdivided into the three lots indicated in the plat. The city manager, Tom Brooks, testified that "just from looking at the plat," the document indicated to him that "someone named Gallegos owned a piece of property that was divided into three separate lots." He further testified that the plat reflected "three separate property owners" and that it showed that "Mr. Jasso owns one lot ... and Mr. Davila owns one lot" in the subdivision.

The City argues that the statements made in the plat show ownership in common. Appellees claimed at trial that the plat is ambiguous because the three landowners may have filed as individual lot owners rather than as owners in common. The plat, with its written recitations, constitutes some evidence that Jasso, Davila, and Reyes owned the lot in common and subdivided it. However, we do not believe that it established those elements of the City's cause of action as a matter of law. *See* TEX.LOCAL GOV'T CODE ANN. § 212.004(c) and its predecessor TEX.REV.CIV.STAT. art. 974a, § 2 (requiring the owners or proprietors of a plat to acknowledge it in the same manner as a deed). Brooks's testimony highlights the City's problem of proving that Jasso, Reyes, and Davila *owned the lot in common and subdivided it.* While the plat recitations do have legal significance in themselves, they do not necessarily or conclusively establish the City's case.

In its first point of error, the City complains that Brooks's oral testimony on ownership is not competent to establish title to the property. It claims that, even though the testimony came in without objection, it is without probative force. We are aware of *City of Mission v. Popplewell*, 156 Tex. 269, 294 S.W.2d 712, 717 (1956) and note that the case was decided prior to promulgation of the Texas Rules of Appellate Procedure, which require a timely objection, request, or motion in order to preserve for appeal a complaint of error made in the trial court. TEX.R.APP.P. 52(a). Further, we decline to read the City's similar authority as controlling. While Brooks's oral testimony about the plat may indeed have been incompetent to establish title to the property, it did raise the issue of the identity of the subdividing parties as well as the question of when the property was divided. Once raised, the City adduced no further evidence, such as title documents, to conclusively prove that appellees owned the lot in common and that they subsequently subdivided as shown on the plat. Even hearsay evidence, if admitted without objection, will not be denied some probative force. TEX.R.CIV.EVID. 802. The trial court

was not satisfied with the City's proof. The trial court is entitled to rule on the sufficiency of the evidence. By granting the motion for judgment, the trial court indicated that it found the City's evidence insufficient to meet its burden. *Qantel*, 761 S.W.2d at 304. We overrule points six, five, seven, and one.

By point three, the City complains that the trial court erred in accepting Brooks's testimony without establishing that he had personal knowledge of the matter. Although the City objected to Brooks's oral testimony about ownership, it failed to get a ruling on its objection. Any error is therefore waived. Point three is overruled.

By its eighth point, the City claims that the trial court erred in rendering judgment in favor of appellee Davila when Davila had no written pleadings on file, had only appeared before the trial court, and when the findings of fact conflicted with judicial admissions. A default judgment was initially taken against Davila, but the trial court granted his motion for new trial, in which he claimed a meritorious defense. On December 10, 1990, a judgment nihil dicit was entered against Davila and Gonzales. The judgment states that the City appeared through its attorney on December 3, 1990, and that defendants Davila and Gonzales failed to file written pleadings. At that time, the matter against Jasso, and Jasso's counterclaim, were still pending. On December 11, Jasso and Davila appeared together, represented by the same counsel, at the trial on the merits which is the subject of this appeal. After defense counsel announced that he was appearing for Jasso and Davila, the City informed the court that it had already taken judgment against Davila and the only matters still pending were against Jasso and Jasso's counterclaim. On December 16, the trial court rendered a take-nothing judgment against the City in favor of both Jasso and Davila. Davila never filed a separate answer.

A judgment nihil dicit is proper when a party appears but has filed no answer on the merits. *O'Quinn v. Tate*,

187 S.W.2d 241, 245 (Tex.Civ.App.—Texarkana 1945, no writ). It is stronger than a no-answer default judgment in that a judgment nihil dicit acts as a confession of judgment. *Gomperts v. Wendeborn*, 427 S.W.2d 904, 905 (Tex.Civ.App.—Austin 1968, no writ). Although the court's take-nothing judgment is contrary to the facts judicially admitted by Davila due to his failure to answer, the trial court has authority to grant a new trial, vacate, modify, correct or reform a judgment within thirty days after the judgment is signed. *Fiduciary Mortgage Co. v. City Nat'l Bank*, 762 S.W.2d 196, 200 (Dallas 1988, writ denied); TEX.R.CIV.P. 329b(d). A judgment by default cannot be made final as against the defaulting defendant when the cause remains undisposed as to the other defendants. *Ratcliff v. Sherman*, 592 S.W.2d 81, 83 (Tex.Civ.App.—Tyler 1979, no writ). The judgment nihil dicit, rendered when the cause was still pending against Jasso, was interlocutory in nature. The trial court had the power to set aside the judgment nihil dicit on its own motion prior to the entry of the final judgment. Entry of the final judgment, which was inconsistent with previous judgment nihil dicit, operates to set aside the interlocutory judgment since only one final judgment can be entered in a case. The take-nothing judgment in favor of Jasso and Davila was signed within the period of the trial court's plenary power. *Perez Bustillo v. State of Louisiana*, 718 S.W.2d 844, 848 (Tex.App.—Corpus Christi 1986, no writ); TEX.R.CIV.P. 329b(d).

Davila never answered, but he appeared at trial. Although the City informed the court that it already had a judgment against Davila for failure to file pleadings, it did not specifically object to Davila's presence before the court. The court made no explicit ruling. The findings of fact clearly show that Davila was before the court and the cause against him was considered on the merits. When a case has been tried without objection upon the theory that the answer of the defendant was sufficient to join issues on the facts contested at trial, an objection that it was insufficient for that purpose cannot be

made for the first time on appeal. This rule applies even though the defendant fails to file an answer. *Myers v. Zoning & Planning Comm'n of City of W. Univ. Place*, 521 S.W.2d 322, 324 (Tex.Civ.App.— Houston [1st Dist.] 1975, writ ref'd n.r.e.). There is no error in the trial court's entry of the take-nothing judgment for Davila. The City failed to prove that it was entitled to enforce the ordinance under § 212.018(b) of the Local Government Code. To require one separate lot owner to replat an entire subdivision, property he does not own or control, would be impracticable as well as unjust. Point eight is overruled.

The judgment of the trial court is AFFIRMED.