Timothy John OMICK, Appellant,

v.

Martha Anne HOERCHLER f/k/a Martha Anne Omick, Appellee.

No. 04-90-00256-CV.

Court of Appeals of Texas, San Antonio.

April 3, 1991.

Rehearing Denied May 3, 1991.

Guadalupe Castillo, Zaffirini & Castillo, Laredo, for appellant.

Carmen Ramos, Ramos—Trevino, Laredo, for appellee.

Before BUTTS, CARR and GARCIA, JJ.

OPINION

BUTTS, Justice.

Timothy John Omick (H) appeals from a judgment in favor of his former wife, Martha Anne Hoerchler (W), enforcing a foreign judgment of child support. We affirm.

This is a limited appeal. One point of error challenges the jurisdiction of the Texas trial court to hear the case and render judgment for past due child support. The parties divorced in Missouri in October, 1979. The Missouri judgment, pursuant to

the contemporaneous agreement of the parties which was incorporated therein, decreed that H pay the sum of $500.00 per month as support for the couple's son.

It is further undisputed that H failed to pay the support as ordered and had arrearages from November, 1979, through November, 1983. W married her present husband in 1982, and H consented to the boy's adoption by him in 1983. The adoption was finalized on December 1, 1983. Thus H's obligation to pay future child support terminated at that time.

■ W, after unsuccessful attempts to obtain support arrearages in other states, filed a petition to register the foreign judgment and petition to enforce the foreign judgment in the Texas court in Laredo. *See* TEX.CIV.PRAC. & REM.CODE ANN. Chapter 35. ENFORCEMENT OF JUDGMENTS OF OTHER STATES (Vernon 1986). Section 35.001 provides that "foreign judgment" means a judgment, decree, or order of a court of the United States or of any other court that is entitled to full faith and credit in this state. Article IV, section 1 of the United States Constitution guarantees that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State."

■ The trial court granted the petition to register and subsequently heard the petition to enforce the foreign judgment. After the bench trial, judgment was entered, enforcing the Missouri child support order and awarding the past due child support. The trial court entered findings of fact and conclusions of law. Pertinent findings are:

1. Missouri law is the controlling law in this case.

\* \* \* \* \* \*

5. The registration of the order referred to in Number 4, above, [the child support order of October, 1979, of the Missouri court] was confirmed by this Court on August 24, 1989.

6. Defendant has failed to make periodic payments of child support as ordered.

7. Under Missouri law accrued and unpaid installments of child support pursuant to a Court order for child support become judgments of the former wife enforceable as any other child support judgment.

8. Under Missouri law there is a ten-year statute of limitations to enforce past due child support.

9. Defendant is in arrears in the amount of $14,175.00.

\* \* \* \* \* \*

Section 16.066(a) of the Texas Practices and Remedies Code provides that an action on a foreign judgment is barred in this state if the action is barred under the laws of the jurisdiction where rendered. In this case the divorce decree was rendered in October, 1979, in Missouri, and W filed her action to enforce the foreign judgment in Texas on July 30, 1987, less than 10 years later. Had this been filed in Missouri instead of Texas, the action would not have been barred by any Missouri statute of limitation. If the action had been time-barred under Missouri law, the Texas court would not have had the power to enforce that judgment. The effect of the noted provision of section 16.066 (formerly TEX.REV. CIV.STAT.ANN. art. 5530) is to make the limitation statute of Missouri applicable to this judgment. *See Gould v. Awapara,* 365 S.W.2d 671, 673 (Tex.Civ.App.—Houston 1963, no writ).

■ H relies solely upon TEX.CIV. PRAC. & REM.CODE ANN. § 35.003(c), in conjunction with TEX.FAM.CODE ANN. § 14.41(b)(2), and contends the statutes apply to preclude this action in Texas and, therefore, the trial court was without jurisdiction. Section 35.003(c) states that a filed foreign judgment has the same effect and is subject to the same procedures, defenses, and proceedings as a judgment of the court in which it is filed. It is contended that the time limitations of section 14.41, in effect when this foreign judgment was filed, apply:

(b) Time Limitations. ... The court retains jurisdiction to enter judgment for past-due child support obligations if a motion to render judgment for the arrearages is filed within two years after:

\* \* \* \* \* \*

(2) the date on which the child support obligation terminates pursuant to the decree or order or by operation of law. TEX.FAM.CODE ANN. § 14.41 (Vernon 1986). It is the contention of H that his obligation to pay support terminated on December 1, 1983, the date of adoption, and therefore the time bar of subsection (2), *supra,* applies. He argues that the present action to enforce the Missouri judgment was filed in July, 1987, more that two years later, consequently the Texas court lacked jurisdiction to hear the case. We do not agree.

H cites only one case, *In the Interest of C.L.C. and S.D.C.,* 760 S.W.2d 790 (Tex. App.—Beaumont 1988, no writ), in support. There the divorce and child support order were granted in Texas, and the husband left the state for two years. The trial court ruled that his leaving the state tolled the statute of limitations (§ 16.063) and thus, the trial court could properly enforce the order. The Beaumont appeals court decided otherwise, determining that § 14.41(b), *supra,* is a limitation on the power of the court to hear the motion to reduce past-due child support payments to judgment. The court ruled that the trial court lost continuing jurisdiction over those matters set out in the statute after a period of two years.[1] The situation in that case is antithetical to this one since it did not involve a foreign support judgment; it deals wholly with a Texas court's *retaining continuing jurisdiction over a Texas child support judgment and its enforceability.* We are not referred to any case, nor have we seen one, which holds that the Texas courts may not enforce a foreign judgment of child support because the Texas time limitation of article 14.41(b) overrides and controls the foreign state's limitation statute. We conclude the Legislature intended this Texas statute to control only Texas judgments and orders of child support and did not change by this statute the Texas law regarding enforcement of foreign state judgments and orders of child support arrearages.

As stated earlier, the only assignment of error challenges the trial court's jurisdiction. We hold the court had jurisdiction to render judgment for past due child support pursuant to the Missouri judgment. The point of error is overruled.

The judgment is affirmed.

---

1. The statute has been amended to enlarge the period of time for filing to four years. *See* TEX.FAM.CODE ANN. § 14.41(b)(1), (2) (Vernon Supp.1991).