**ATTORNEY GENERAL of Texas, Appellant,**

v.

**Roger E. LITTEN, Appellee.**

**No. 14–97–00369–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

July 22, 1999.

Rhonda Amkraut Pressley, Austin, for appellants.

Barry J. Hards, Houston, for appellees.

Panel consists of Justices YATES, ANDERSON and EDELMAN.

## OPINION

JOHN S. ANDERSON, Justice.

This case involves an interstate child support enforcement proceeding. This action to register and enforce a Missouri support order was filed by the Texas Attorney General at the request of the State of Missouri. Roger E. Litten (Litten), the father, filed an answer denying the court's jurisdiction to enforce the support order because the action was not filed within four years of his daughter's emancipation.[1] After a bench trial, the court denied all relief and dismissed the action for lack of jurisdiction.[2]

On appeal, the Attorney General brings three points of error. First, the Attorney General argues the trial court erred in

---

1. Litten also claimed the action was barred by laches and contended the Attorney General miscalculated the arrearage owed under the Missouri support order. The court, however, did not reach these issues because it disposed of the case on the jurisdictional question alone.

2. The case was initially tried before an associate judge who dismissed the cause for lack of jurisdiction. On motion for new trial, the district court affirmed the dismissal.

failing to file written findings of fact and conclusions of law. Second, the Attorney General asserts the trial court erred in dismissing this action to enforce the support order of another state. Third, the Attorney General argues the trial court erred in excluding proof and refusing to take judicial notice of Missouri law. We reverse and remand.

## I. BACKGROUND

At the request of the State of Missouri, the Attorney General registered a 1980 Missouri divorce decree, and filed a motion to reduce unpaid child support to judgment. Because Missouri has a ten year statute of limitation on the enforcement of child support arrearages, Missouri sought arrearages for only ten years of past due support.[3] At the hearing to enforce the support order, the Attorney General attempted to introduce the Missouri statute of limitations contained in a brief submitted by Missouri and verified by an attorney for its Child Support Division. The Attorney General also sought to have the trial court take judicial notice of the Missouri statute of limitation. The trial court refused to admit evidence of the Missouri limitation statute after Litten's hearsay objection. Thereafter, the trial court dismissed the case for lack of jurisdiction because the action was not filed within four years of the date the child became an adult.[4]

## II. ANALYSIS

### A. Findings of Fact and Conclusions of Law

In point of error one, the Attorney General argues the trial court erred in failing

3. Missouri sought unpaid child support due from April 1, 1986, until the end of Litten's support obligation on his daughter's eighteenth birthday. Missouri records indicate, however, Litten stopped paying child support May 14, 1982. The Missouri statute relied upon by the Attorney General provided that in any judgment, order, or decree awarding child support, each payment is presumed sat-

to file written findings of fact and conclusions of law. By order dated April 23, 1998, this Court abated the appeal and ordered the trial court to file written findings of fact and conclusions of law. The trial court subsequently filed the following findings and conclusions:

### FINDINGS OF FACT

1. Order of June 26, 1980 was registered pursuant to Chapter 159 of the Texas Family Code on July 9, 1996. The appellate record reflects that Litten's obligation to pay child support continued until the child became an adult, found by the Texas trial court to be September 12, 1991.

2. A contest to the enforcement of the registered order was made in a timely manner.

3. The child, Heather Lee Litten, was born September 12, 1973 and became an adult on September 12, 1991.

4. Respondent affirmatively pled that the Court lacks jurisdiction pursuant to section 157 of the Texas Family Code.

### CONCLUSIONS OF LAW

1. The motion to reduce unpaid child support to judgment was not filed within four (4) years of the date the child became an adult.

2. The law of the State of Texas applies.

3. The Court lacks jurisdiction to confirm the total amount of child support arrearage and lacks jurisdiction to grant a money judgment.

isfied after ten years from the payment due date.

4. See TEX. FAM.CODE ANN § 157.005(b)(1) (Vernon 1996) (Court retains jurisdiction to render judgment for past-due child support if motion for enforcement is filed within four years after child becomes an adult or the support obligation terminates).

Based on the foregoing findings and conclusions now incorporated into the record for this appeal, point of error one is moot. Therefore, we turn to points of error two and three.

### B. Choice of Law

■ In point of error two, the Attorney General argues the trial court erred in dismissing this action to register and enforce the support order of another state pursuant to section 157 of the Texas Family Code. We agree. Chapter 157 governs enforcement of final orders. *See* TEX. FAM. CODE ANN. Ch. 157 (Vernon 1996 & Supp. 1999). Chapter 159, however, is the Texas Codification of the Uniform Interstate Family Support Act (UIFSA), and Subchapter G sets out the procedures for the registering and enforcement of a support order issued by a tribunal of another state. *See id.* § 159.601(Vernon 1996). Section 159.301(b)(3) specifically dictates that proceedings for the registration and enforcement of a support order of another state fall under Subchapter G of Chapter 159. *See id.* § 159.301(b)(3) (Vernon 1996). Effective September 1, 1999, this language was made more specific by deletion of the reference to all of Subchapter G, and the addition of a reference to just Sections 159.601 through 608. *See id.* § 159.301(b)(3) (Vernon Supp.1999). Finally, to the extent any provision in Chapter 157 conflicts with Chapter 159, the provisions of Chapter 159 prevail. *See id.* § 159.001 (Vernon 1996). Because there is no statutory basis for applying the provisions of Chapter 157 to an action to register and enforce a foreign judgment for child support, we hold Chapter 157 is not applicable to this suit.

Consistent with these provisions, in a proceeding to obtain a judgment for arrearages Chapter 159 requires application of the law of the state with the longer statute of limitation. *See id.* § 159.604(b) (Vernon 1996);[5] *Omick v. Hoerchler,* 809 S.W.2d 758, 760 (Tex.App.—San Antonio 1991, writ denied) (noting the court was not aware of any authority preventing Texas courts from enforcing a foreign judgment of child support because the Texas time limitation overrides and controls the foreign state's limitation statute). As noted above, Missouri has a ten year statute of limitation applicable to child support orders. Texas Family Code Section 159.604(b) specifically provides as follows: "In a proceeding for arrearages, the statute of limitation under the laws of this state or of the issuing state, *whichever statute of limitation is longer,* applies." (Vernon 1996) (emphasis added). The Commissioners' Comment to UIFSA Section 604, which is identical to Texas Family Code Section 159.604, notes in reference to subsection (b) that the intent was to prevent an obligor from gaining an undue benefit by choosing to reside in a forum state with a shorter statute of limitation for arrearages. *See* Sampson & Tindall, Texas Family Code Ann. § 159.604, Commissioners' Comment to UIFSA Section 604 at 568 (1997). In accordance with the clear language in Section 159.604(b), the ten year Missouri statute of limitation applies here instead of the Texas four year limitation period provided by Section 157.005(b).[6] Therefore, it was error for the trial court to dismiss this cause based on lack of jurisdiction under Chapter 157. We sustain point of error two.

■ In point of error three, the Attorney General argues the trial court erred in excluding proof, and refusing to take judicial notice, of the Missouri statute

---

5. In general, when enforcing foreign judgments, the trial court must apply the issuing state's statute of limitation. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.066 (Vernon 1997).

6. Under section 157.005(b) the court retains jurisdiction to confirm the total amount of support arrearages and render judgment for

past due support if the motion requesting judgment was filed no later than four years after the date the child becomes an adult or the child support obligation terminates under the order or by operation of law. *See* TEX. FAM.CODE ANN. § 157.005(b) (Vernon 1996).

of limitation. We agree. Section 159.604(b) states that in proceedings for arrearages, the statute of limitation under the law of Texas or the issuing state, whichever statute of limitation is longer, applies. Further, section 159.604(a) requires that a certified copy of the applicable limitation statute of the other state be provided to the court.[7]

Here, the appellate record reflects that the Attorney General provided the trial court with copies of the relevant Missouri limitation statutes. In an affidavit accompanying those statutes, a Missouri attorney for the Division of Child Support Enforcement stated, under oath, the copies of the Missouri statutes attached to the affidavit are true and correct copies and current in their application. Because the Attorney General provided the trial court with a verified copy of the statute, the trial court abused its discretion in refusing to take judicial notice of and applying the ten year Missouri statute of limitation rather than the shorter four year limitation under Texas law.

■ Additionally, special rules of evidence apply under Family Code Chapter 159. Section 159.316(b) specifically states the following:

> A verified petition, affidavit, document substantially complying with federally mandated forms, and a document incorporated by reference in the petition, affidavit, or document, not excluded under the hearsay rule if given in person, are admissible in evidence if given under oath by a party or witness residing in another state.

TEX. FAM.CODE ANN. § 159.316(b).

The purpose of this provision was to

> eliminate as many potential hearsay problems as possible in interstate litigation because usually the out-of-state party and that party's witnesses do not appear in person at the hearing.

*See* Sampson & Tindall, Texas Family Code Ann. § 159.316, Commissioner's comment to UIFSA Section 316 at 557. Therefore, under this provision, the verified copy of the Missouri statute of limitation was admissible over Litten's hearsay objection. We sustain point of error three.

### III. CONCLUSION

The judgment of the trial court dismissing this cause is reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.

---

**7.** At the time of the proceedings in the trial court, section 159.604(a) stated the law of an issuing state governs the "nature, extent, amount, and duration of current payments and other obligations of support and the payment of arrearages" under the order *only if* the party provides a *certified* copy of the applicable law of that state. *See* TEX. FAM.CODE ANN. § 159.604(a) (Vernon 1996) (emphasis added). Black's Law Dictionary defines *certified copy* as "a copy of a document or record, signed and certified as a true copy by the officer to whose custody the original is intrusted." BLACK'S LAW DICTIONARY 287 (4th ed.1968). Similarly, *verified copy* is defined as "a copy, if successive witnesses trace the original into the hands of a witness who made the copy." *Id.* at 1733. We hold that a verified copy is the functional equivalent of a certified copy. *See Brinkman v. Brinkman,* 966 S.W.2d 780, 781 (Tex.App.—San Antonio 1998, pet. denied) (treating either verified or certified copies of a prior judgment and pleadings as sufficient summary judgment evidence to establish applicability of res judicata as a matter of law). Additionally, since the time of the proceeding below, the legislature has deleted from section 159.604(a) the requirement that a certified copy of the law of another state be provided to the trial court before it may apply that state's law. *See* TEX. FAM.CODE ANN. § 159.604(a) (Vernon Supp. 1999).