52 S.W.3d 926 (2001)
In the Interest of B.C. and K.C.
No. 09-00-323 CV.
Court of Appeals of Texas, Beaumont.
Submitted July 5, 2001.
Decided August 30, 2001.
Richard Fry, Austin, Pamela E. George, Houston, for appellant.
Shawn Casey, Gary A. Hinchman, Houston, for appellee.
*927 Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

OPINION
GAULTNEY, Justice.
Susan Stephenson claims back child support for her two children from her ex-husband, Dennis Camden. Susan and Dennis divorced in Missouri on February 24, 1983. Dennis lives in Montgomery County, Texas. Susan lives in Las Vegas, Nevada. Their two children are now adults, ages 26 and 28.
Susan registered the Missouri divorce decree, in Montgomery County District Court in June of 1999, and filed a Notice of Application for Judicial Writ of Withholding. Were such a writ to be granted, Dennis's employer would be ordered to pay Susan a portion of Dennis's wages. Dennis filed a Motion to Stay Issuance of Judicial Writ of Income Withholding, denying that he owed back child support. Without a hearing, an order was entered compelling Dennis's employer to withhold the wages demanded by Susan.
Dennis filed a motion for new trial or in the alternative an original petition for an equitable bill of review to terminate the withholding order previously entered. The trial court held a bench trial on the bill of review and set aside the judicial writ of withholding. The court found that Susan's demand for child support arrearage was barred by limitations.
Susan's first issue claims that there is no statute of limitations for a judicial writ of withholding in Texas and, therefore, she argues there is no evidence, or factually insufficient evidence, to support the trial court's finding that her claim is barred by limitations. Her second issue claims that Dennis did not meet the requirements for a bill of review.[1] She asks that we reinstate the order withholding Dennis's wages or that we remand the case for a trial to determine Dennis's defense of payment.
We first address the statute of limitations issue. Dennis argues Susan's claim is barred by limitations, citing section 157.005(b) of the Texas Family Code. In July, 1999, when Susan filed this claim, that section of the Code provided in part as follows:
(b) The court retains jurisdiction to confirm the total amount of child support arrearages and render judgment for past-due child support if a motion for enforcement requesting a money judgment is filed not later than the fourth anniversary after the date:
(1) the child becomes an adult; or
(2) on which the child support obligation terminates under the order or by operation of law.
Act of April 6, 1995, 74th Leg., R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 177 (amended 1999) (current version at Tex. Fam.Code Ann. § 157.005(b) (Vernon Supp.2001)).
Dennis claims that under this statute any motion Susan wanted to file for back child support should have been filed before his youngest child turned 22 years old, which would be the fourth anniversary after the date the child became an adult. That child is now 26. Although the four year time limitation under section 157.005(b) was eliminated on September 1, 1999, Dennis contends that if a hearing had been held within thirty days of his motion to stay Susan's claim, as required by section 158.309(b) of the Texas Family Code, he would have defeated Susan's *928 claim. See Tex. Fam.Code Ann. § 158.309(b) (Vernon Supp.2001). He says he has a vested right to assert the time limitations that were in the statute at the time Susan filed her claim.
Susan, on the other hand, argues that section 157.005 does not apply to this case since that section deals only with judgments for past-due child support and her claim is for withholding of wages pursuant to a different section of the Family Code, section 158.102, which has no time limitations. Tex. Fam.Code Ann. § 158.102 (Vernon Supp.2001). She also claims that any time limitations under any predecessor statute to Section 158.102 were only jurisdictional limitations on the power of the court, not statutes of limitations.
This court decided in In the Interest of A.D., 8 S.W.3d 466, 467 (Tex.App.-Beaumont 2000, pet granted), that an administrative writ of withholding was time-barred because it was not filed within four years after the youngest child reached the age of eighteen, even though section 158.502 (the provision dealing with administrative writs of withholding) had subsequently been amended to allow the pursuit of the writ "at any time." This court held that the amendment to the statute could not be applied retroactively because to do so would violate the prohibition against retroactive laws found in the Texas Constitution. Id.; Act of May 21, 1997, 75th Leg., R.S., ch. 911, § 67, 1997 Tex. Gen. Laws 2878 (amended 1999) (current version at Tex. Fam.Code § 158.502 (Vernon Supp.2001)); see also Tex. Const. art. I, § 16. Dennis claims the same reasoning applies here.
We agree with Susan that her claim is not governed by section 157.005, but that does not end the analysis. Even though the current statutory provision Susan relies on, section 158.102, contains no time limitation on the court's jurisdiction to enter a withholding order, the version of the statute in effect in 1992, when her youngest child turned eighteen, did provide that the motion must be filed within four years after the child became an adult. That four year time limitation in the withholding provision remained in effect four years later, in 1996, when the time ran out on the court's jurisdiction to issue a judicial writ of withholding. Following the precedent this court set in In the Interest of A.D., the time limitations under the predecessor statute to Section 158.102 would bar Susan's claim.[2]
However, neither party cites chapter 159 of the Texas Family Code, which is the adoption by Texas of the Uniform Interstate Family Support Act ("UIFSA"). Tex. Fam.Code Ann. Ch. 159 (Vernon 1996 & Supp.2001). Since the judgment in this case is a Missouri judgment whose enforcement is sought in Texas, the provisions of the UIFSA control. See Tex. Fam.Code Ann. § 159.001 (Vernon 1996) and Tex. Fam.Code Ann. § 159.301 (Vernon Supp.2001); see also Attorney General v. Litten, 999 S.W.2d 74, 77 (Tex. App.Houston [14th Dist.] 1999, no pet.). Section 159.604(b) provides that in a proceeding for arrearages, the statute of limitations of Texas or the issuing state, whichever is longer, governs. Tex. Fam. Code Ann. § 159.604(b) (Vernon Supp. *929 2001). The UIFSA was adopted in Texas in 1995, before the asserted "vesting" occurred.[3] If Missouri's statute of limitations permits Susan's arrearage claim, Dennis has no vested right in the Texas limitations period because Susan will be given the benefit of Missouri law.[4]See generally Omick v. Hoerchler, 809 S.W.2d 758 (Tex.App.-San Antonio 1991, writ denied).
The applicable Texas statute clearly directs us to look to Missouri law to determine if that state's statute of limitations would permit collection. See Tex. Fam. Code Ann. § 159.604(b) (Vernon 1996). The applicable Missouri statute provides in part:
In any judgment, order, or decree awarding child support or maintenance, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set out in subsection 1 of this section. This subsection shall take effect as to all such judgments, orders, or decrees which have not been presumed paid pursuant to subsection 1 of this section as of August 31, 1982.
Mo.Rev.Stat. § 516.350.2 (2000).
The judgment in this case is dated February 24, 1983. The ten-year statute of limitations under Missouri law runs from the time each particular payment was due. Lyons v. Sloop, 40 S.W.3d 1, 9 (Mo.Ct.App. 2001). Here, suit was filed on July 6, 1999, to collect the arrearages. Using Missouri's method of calculation, any payment before July 6, 1989, would be presumed paid; but any payment due after that date would not be barred.
However, subsection 1 of the cited Missouri statute provides, in part, that a judgment can be revived by a payment on the judgment "duly entered upon the record thereof." Any payment made and "duly entered upon the record" will revive the judgment for the arrearage due for the ten years prior to the payment on the judgment. Burton v. Everett, 845 S.W.2d 710, 714 (Mo.Ct.App.1993) (citing Spangler v. Spangler, 831 S.W.2d 256, 259 (Mo.Ct.App. 1992)).
Susan's right to withhold Dennis's wages to pay for child support payments which were due between July 6, 1989, and the date this proceeding was filedJuly 6, 1999,is not barred by the Missouri statute of limitations. Any payment due prior to July 6, 1989, is barred by the Missouri statute of limitationsunless the judgment can be shown to have been revived, or unless some other exception exists under Missouri law. Susan's first issue is sustained in part and overruled in part.
We next consider appellant's second issue, whether the bill of review was properly granted. Dennis had the burden of proving the three elements of a bill of review: (a) a meritorious defense to Susan's claim; (2) which he was prevented from making, either by the fraud, accident, *930 or wrongful act of Susan, or by a mistake or error of the court or a court official in the discharge of official duties; and (3) unmixed with any fault or negligence on his part. See Baker v. Goldsmith, 582 S.W.2d 404, 406-07 (Tex.1979). The statute of limitations is his "meritorious defense." We have held that at least part of the claim appears barred by the Missouri statute of limitations, so Dennis has a meritorious defense in part. It is undisputed that the district clerk misplaced Dennis' motion to stay the withholding and therefore did not schedule a hearing. This "official mistake" satisfies the second element of his bill of review. The error of the clerk was not apparent on the face of the record, so a restricted appeal was not available to Dennis and he was therefore not at fault in failing to pursue a legal remedy. See Jordan v. Jordan, 36 S.W.3d 259, 262-63 (Tex.App.-Beaumont 2001, pet. denied). We hold there is sufficient evidence to support each element of a bill of review. Susan's second issue is overruled.
We remand the case to the trial court for further proceedings consistent with this opinion: a determination of the extent of payments due Susan and not barred by the Missouri statute of limitations, as well as any other issue affecting the rights of the parties in this proceeding.
AFFIRMED IN PART; REVERSED AND REMANDED.
NOTES
[1] We need not consider Susan's argument that a motion for new trial was unavailable to Dennis since he concedes this point and the record indicates the trial court proceeded solely on the bill of review.
[2] We are aware that this court held in In the Interest of C.L.C., 760 S.W.2d 790, 792 (Tex. App.Beaumont 1988, no writ), that a predecessor statute to Section 157.005 (the statute Dennis says applies) was not a statute of limitations but rather a jurisdictional statute. One court has suggested this holding may be inconsistent with In the Interest of A.D. See In the Interest of S.C.S., 48 S.W.3d 831, 834 at n. 8, 2001 Tex.App. LEXIS 3562 at n. 8 (Tex. App.Houston [14th Dist.] 2001, no pet. h.) (not yet released for publication). In the Interest of A.D. is currently before the Texas Supreme Court.
[3] Dennis claims that he has a vested right to rely on the four-year statute of repose on past-due child support contained in section 157.005(b) on July 6, 1999, when Susan's Notice of Application for Judicial Writ of Withholding was filed. Act of April 6, 1995, 74th Leg., ch. 20, § 1, 1995 Tex. Gen. Laws 177 (amended 1999) (current version at Tex. Fam.Code Ann. § 157.005(b) (Vernon Supp. 2001)).
[4] If the predecessor statutes to section 158.102 were considered jurisdictional limitations and not statutes of limitations, we would look to TEX. CIV. PRAC. & REM.CODE § 16.066(a) (Vernon 1997) as the applicable statute of limitations. That statute provides that "[a]n action on a foreign judgment is barred in this state if the action is barred under the laws of the jurisdiction where rendered." Missouri's statute of limitations would still apply.