ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

February 23, 2006

Mr. Carl Reynolds
Administrative Director
Office of Court Administration
Post Office Box 12066
Austin, Texas 78711-2066

Opinion No. GA-0404

Re: Whether the seal placed on certified copies of documents recorded in the county clerk's office must be raised (RQ-0384-GA)

Dear Mr. Reynolds:

You seek our opinion on "whether a county clerk may properly place a county clerk's certificate on each page of a document by means other than impressing a raised seal on each page of the document along with the clerk's signature."[1] You tell us that the Local Government Code requires county clerks to place the county clerk's certificate on each page or part of a page of certified papers but that no statute defines "county clerk's certificate." Request Letter, *supra* note 1, at 1. You further inform us that county clerks disagree about the requirements of a clerk's certificate. *See id.* Specifically, you write that

> [s]ome clerks contend that that [sic] the county clerk's certificate can only be placed on a page of a document by impressing a raised seal upon the page and by including the clerk's signature along with the raised seal. They sometimes will refuse to accept certified copies from other county clerks who do not use a raised seal on each page of the document. Other county clerks do not believe that a raised seal must be impressed upon each page along with the clerk's signature. For example, one clerk uses paper containing a visible watermark on each page of a certified document that states "OFFICE OF COUNTY CLERK CERTIFIED COPY" and contains a visible image of the county seal. This clerk impresses a raised seal only on the document's last page, which also contains information identifying the type of record, the number of pages, and the clerk's stamped signature.

*Id.* (citation omitted). You ask whether the seal that is placed on every page must be raised on every page or whether it may be raised only on the last page of the document. *See id.*

---

[1]Letter from Carl Reynolds, Administrative Director, Office of Court Administration, to Honorable Greg Abbott, Attorney General of Texas (Aug. 22, 2005) (on file with the Opinion Committee, *also available at* http://www.oag .state.tx.us) [hereinafter Request Letter].

The office of the county clerk is an elected constitutional office. *See* TEX. CONST. art. V, § 20 ("There shall be elected for each county, by the qualified voters, a County Clerk, who shall hold his office for four years, who shall be the clerk of the County and Commissioners Courts and recorder of the county, whose duties, perquisites and fees of office shall be prescribed by the Legislature . . . ."); *see also* TEX. LOC. GOV'T CODE ANN. § 191.001(a) (Vernon 1999); Tex. Att'y Gen. Op. No. GA-0203 (2004) at 3. A primary duty of the county clerk is to serve as the county recorder. *See* TEX. CONST. art. V, § 20; TEX. LOC. GOV'T CODE ANN. § 191.001(a). "The county clerk shall record, exactly, without delay, and in the manner provided . . . , the contents of each instrument that is filed for recording and that the clerk is authorized to record." TEX. LOC. GOV'T CODE ANN. § 191.001(c) (Vernon 1999). Chapter 192, Local Government Code, expressly provides for specific instruments to be recorded. *See id.* ch. 192 (Vernon 1999 & Supp. 2005). The Local Government Code also directs the manner in which the county clerk should record and index recorded documents. *See id.* ch. 193. The Local Government Code requires that "[o]n demand, the county clerk shall give an attested copy of any instrument that is recorded in the clerk's office." *Id.* § 191.004(a) (Vernon Supp. 2005); *see also* Tex. Att'y Gen. Op. No. GA-0203 (2004) at 3 ("The clerk provides an 'attested,' or certified, copy of an instrument recorded in the clerk's office . . . ."). And the county clerk is required to "use the county court seal to authenticate all of the clerk's official acts as county recorder." TEX. LOC. GOV'T CODE ANN. § 191.001(b) (Vernon 1999).

Chapter 118 of the Local Government Code governs the fees to be charged by county officers. *See id.* ch. 118 (Vernon 1999 & Supp. 2005). Section 118.011 sets out the fee schedule for fees that the county clerk shall collect for rendition of certain services. *See id.* § 118.011(a) (Vernon Supp. 2005). Section 118.052 establishes a similar fee schedule for certain services rendered by the clerk of a county court.[2] *See id.* § 118.052. Both sections establish a fee for "Certified Papers." *See id.* §§ 118.011(a)(3), .052(3)(B). In both sections, the fee for "Certified Papers" has two components: a fee for the clerk's certificate and a fee for copying each page or part of a page. *See id.* §§ 118.011(a)(3), .052(3)(B). Section 118.014 clarifies that the "fees for 'Certified Papers' under section 118.011 are for the county clerk's certificate that shall be placed on each page or part of a page, and a fee for copying each page or part of a page, of a notice, statement, license or document that the clerk is authorized or required to issue." *Id.* § 118.014(a) (Vernon 1999). The language of section 118.060 is almost identical with respect to the fees charged under section 118.052(3). *See id.* § 118.060(a).

Sections 118.014 and 118.060 use the term "clerk's certificate." *See id.* §§ 118.014(a), .060(a). Though undefined by Texas statute or judicial opinion, clearly the clerk's certificate referred to in sections 118.014 and 118.060 is the same clerk's certificate referenced in sections 118.011 and 118.052. *See id.* §§ 118.011, .052 (Vernon Supp. 2005). The clerk's certificate is that which makes a copy of a document a "certified copy" distinguishable from a "noncertified copy."

---

[2] The county clerk is also clerk of the county court. *See* TEX. CONST. art. V, § 20 ("There shall be elected for each county, by the qualified voters, a County Clerk, who shall hold his office for four years, who shall be clerk of the County and Commissioners Courts and recorder of the county, whose duties, perquisites and fees of office shall be prescribed by the Legislature . . . ."); *see also* TEX. GOV'T CODE ANN. § 25.0010(b) (Vernon 2004) ("The county clerk shall serve as clerk of each statutory county court."); TEX. LOC. GOV'T CODE ANN. § 192.006(a) (Vernon 1999) (providing that the county clerk is custodian of the records of the county court in civil and criminal cases and probate matters).

*See id.* §§ 118.0145(a), .0605(a) (Vernon 1999). Certification signifies that the copy is a "true copy." *See Tex. Attorney Gen. v. Litten,* 999 S.W.2d 74, 78 n.7 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) (quoting BLACK'S LAW DICTIONARY 287 (4th ed. 1968)); *see also* Tex. Att'y Gen. Op. No. GA-0203 (2004) at 3. A county clerk puts the clerk's certificate on a copy of an original document to certify or attest to the fact that the copy is an exact reproduction of the original. *See Litten,* 999 S.W.2d at 78 n.7; Tex. Att'y Gen. Op. No. GA-0203 (2004) at 3. The Office of Court Administration's Manual for County Clerks appears to equate the placing of the seal and the clerk's signature on a document with certification. *See* OFFICE OF COURT ADMINISTRATION, COUNTY CLERK MANUAL II-20 (2003) (stating that the "clerk, by affixing his or her seal and signature, swears that the copy is a true and exact replica of the recorded instrument in its entirety.") Other than requiring placement of the county seal and clerk's signature on each page of a document, neither chapter 118 nor any other Texas statute dictates the exact prerequisites and contours of the clerk's certificate. *See generally* TEX. LOC. GOV'T CODE ANN. ch. 118 (Vernon 1999 & Supp. 2005). Similarly, section 191.001(b), Local Government Code, requires the placement of the seal on every page of the document that is to be certified, but does not address whether the seal must be raised on one, all, or any of the pages of the document. *See id.* § 191.001(b) (Vernon 1999).

While the recording of documents is a ministerial task of the county clerk, *see Turrentine v. Lasane,* 389 S.W.2d 336, 337 (Tex. Civ. App.—Waco 1965, no writ) (holding that the "clerk's ministerial duty to record is properly enforced by mandamus"); *see also* Tex. Att'y Gen. Op. Nos. JM-508 (1986) at 3, JM-310 (1985) at 3; Tex. Att'y Gen. LO-98-016 at 7 (concluding that the "county clerk has a ministerial duty to accept a document for filing and recording if a statute authorizes, requires or permits it to be filed in the clerk's office, and if it is regular on its face."), the clerk nevertheless is an elected county officer with a certain sphere of authority. *See* TEX. CONST. art. V, § 20; Tex. Att'y Gen. Op. No. GA-0203 (2004) at 3 ("As an elected officer, the clerk occupies a sphere of authority within which another elected officer may not interfere."). The sphere of authority of the county clerk includes records in the clerk's office. *See* Tex. Att'y Gen. Op. No. GA-0203 (2004) at 3.

A "county officer retains control over the accomplishment of the officer's constitutional and statutory duties," Tex. Att'y Gen. Op. No. JC-0239 (2000) at 3 (concluding that "[a]n elected county official's authority to accomplish the constitutional or statutory purposes of his or her office encompasses the authority to dismiss his or her employees for all or part of a day for any reason" that does not violate the constitution), and has "sufficient discretion to administer the office as the official wishes." Tex. Att'y Gen. Op. No. JC-0323 (2001) at 5. With regard to public functionaries, discretion has been defined as the "power or right to act officially, according to what appears just and proper under the circumstances." *Permanent Rd. Comm'rs v. Johnson,* 231 S.W. 859, 860 (Tex. Civ. App.—Dallas 1921, no writ) (quoting *Bd. of Comm'rs of Rio Grande County v. Lewis,* 28 Colo. 378, 65 Pac. 51 (1901)). Unlike ministerial duties that "require obedience to orders or the performance of a duty to which the actor has no choice," *Deaver v. Bridges,* 47 S.W.3d 549, 553 (Tex. App.—San Antonio 2000, no pet.), discretion involves choice in the absence of hard-and-fast rules. *See The Styria v. Morgan,* 186 U.S. 1, 9 (1902); Tex. Att'y Gen. Op. No. GA-0353 (2005) at 4. Texas statutes do not mandate that the seal placed on every page of a document as part of the clerk's certificate be raised. We therefore conclude that a county clerk has discretion to determine whether the seal placed on every page of the document must be raised. A document that bears a clerk's certificate is a certified document.

## S U M M A R Y

Texas statutes do not mandate that the seal placed on every page of a document as part of the clerk's certificate be raised. As an elected officer the county clerk has discretion to determine whether the seal placed on every page of the document must be raised. A document that bears a clerk's certificate is a certified document.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee