# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 06-1687

_____

|  |  |  |
|---|---|---|
| Robert L. Myer, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Americo Life, Inc., | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: September 29, 2006
Filed: November 15, 2006

_____

Before RILEY and COLLOTON, Circuit Judges, and KYLE,[1] District Judge.

_____

KYLE, District Judge.

Robert L. Myer appeals the dismissal by the district court[2] of his petition to vacate an arbitration award. The district court concluded that it should abstain from exercising jurisdiction over Myer's petition under Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). We affirm, although not on abstention grounds.

_____

[1] The Honorable Richard H. Kyle, United States District Judge for the District of Minnesota, sitting by designation.

[2] The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

## I.    BACKGROUND

In 1998, Myer agreed to sell several companies he owned to Appellee Americo Life, Inc. ("Americo"). As part of that sale, Myer and Americo entered into a Consulting Agreement, pursuant to which Americo agreed to make periodic payments to Myer in return for consulting services. The Consulting Agreement contained an arbitration clause requiring the parties to arbitrate any disputes arising thereunder in Dallas, Texas.

In January 2004, Americo commenced an arbitration proceeding against Myer, alleging that he had breached certain non-competition and non-solicitation clauses in the Consulting Agreement. An arbitration hearing was held in Texas in March and April 2005; in June 2005, the arbitration panel ruled in Americo's favor and awarded it over $1.4 million in damages and injunctive relief.

On August 10, 2005, Myer filed a petition in the district court seeking to vacate the arbitration award. The following day, Americo filed a petition in Texas state court seeking to confirm the award.[3] Americo then moved to dismiss the federal action; it argued that the district court should abstain from exercising jurisdiction over Myer's petition under Colorado River.[4]

After considering the factors set forth in Colorado River and Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 16 (1983), the district court concluded that abstention in favor of the Texas action was appropriate.

---

[3] There is some dispute as to the exact date Myer filed his petition, but the date is not germane to the Court's resolution of Myer's appeal.

[4] In Colorado River, the Supreme Court held that, in certain circumstances, a federal court may dismiss a properly filed federal action in favor of a parallel state-court action. 424 U.S. at 817-18.

Accordingly, by Order dated November 8, 2005, the district court granted Americo's motion to dismiss. Myer then moved the district court for reconsideration or, in the alternative, for a "new trial," but the district court denied Myer's motion on February 28, 2006. This appeal followed.

During the course of the federal litigation, meanwhile, the parties proceeded with the Texas state-court litigation. On April 12, 2006, the Texas state court issued a final judgment confirming the arbitration award.[5] On May 12, 2006, Myer filed a motion seeking a "new trial" in the state-court action. The Texas state court did not act on Myer's motion, and it was denied "by operation of law" on July 26, 2006.[6] The Texas state court enjoyed plenary power to modify its judgment for an additional 30 days, see Tex. R. Civ. P. 329b(e), but it did not do so.

## II.    DISCUSSION

Americo argues that Myer's appeal is now moot because the Texas state court has confirmed the arbitration award and that decision is *res judicata* of the underlying issues in this case. This appeal is not moot, however, because Myer indicated at oral argument that he would appeal the Texas state court's decision. The current controversy therefore "remains live." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 n.7 (2005) (appeal not moot despite fact that state courts had fully

---

[5] The Texas state court's judgment was not part of the record below. Americo has filed a motion requesting that we take judicial notice of the judgment. Judicial notice is appropriate in these circumstances, see Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (taking judicial notice of default judgment issued in separate Bankruptcy Court action and noting that this Court "may take judicial notice of judicial opinions and public records"), and Americo's motion is therefore granted.

[6] Texas Rule of Civil Procedure 329b(c) provides, in pertinent part, that "[i]n the event [a] motion for new trial . . . is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period."

resolved same claims as those presented in federal lawsuit, because losing party indicated that it would appeal the state Supreme Court's decision to the United States Supreme Court).

Nevertheless, it is clear that *res judicata* now presents an insurmountable hurdle for Myer's claims. The Texas state court has issued a final judgment confirming the arbitration award, and that action involved the same parties and the same issues as the instant case. Notably, Myer specifically asked the Texas state court to vacate the arbitration award, and the court expressly denied that motion when rendering its final judgment. Accordingly, *res judicata* now bars Myer from litigating those same issues in federal court (or elsewhere). See, e.g., Amstadt v. United States Brass Corp., 919 S.W.2d 644, 652 (Tex. 1996) (elements of *res judicata* are (1) prior final judgment on the merits by court of competent jurisdiction, (2) identity of parties, and (3) second action based on same claims as first action or claims that could have been raised in first action).[7]

Myer initially had argued that the Texas state court's judgment was not "final" for *res judicata* purposes because he had filed a motion for a new trial in that action. His motion has now been denied by operation of law, however, meaning that the Texas state court's judgment is "final" for claim-preclusion purposes. See Scurlock Oil Co. v. Smithwick, 724 S.W.2d 1, 6 (Tex. 1986); Maffitt v. Weycer, Kaplan, Pulaski & Zuber, P.C., No. 01-97-01031-CV, 1999 WL 695580, at *5 (unpublished) (Tex. App. Sept. 9, 1999) ("for *res judicata* purposes, a judgment becomes final when the trial court that signed the judgment loses plenary power over [it]") (citing Scurlock). Moreover, the fact that Myer may appeal the judgment (if he has not

---

[7] Texas law determines the preclusive effect of the Texas state court's judgment. Canady v. Allstate Ins. Co., 282 F.3d 1005, 1014 (8th Cir. 2002) ("the *res judicata* effect of the first forum's judgment is governed by the first forum's law, not by the law of the second forum") (internal quotation marks omitted) (citation omitted).

already done so) does not affect the judgment's finality under Texas law.  Scurlock, 721 S.W.2d at 6.

In an attempt to evade Scurlock's reach, Myer cites the Restatement (Second) of Judgments § 28, which was quoted favorably by the Scurlock court.  Section 28 states, in pertinent part:

> Although an issue is actually litigated and determined by a valid and final judgment and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
>
> . . .
>
> (3) a new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them.

Myer argues that this exclusion applies here because the district court is better able to apply Missouri law than the Texas state court.[8]  This argument is unavailing, for two reasons.

First, there is no reason for this Court to conclude that the Texas state court is any less able to apply Missouri law than the district court.  Indeed, Texas courts often are called upon to apply Missouri law, e.g., In re B.C., 52 S.W.3d 926 (Tex. App. 2001), as well as the laws of other states, e.g., Greenberg Traurig of N.Y., P.C. v. Moody, 161 S.W.3d 56 (Tex. App. 2004) (New York law), and foreign countries, e.g., Bridas Corp. v. Unocal Corp., 16 S.W.3d 893 (Tex. App. 2000) (law of Turkmenistan and Afghanistan).  Moreover, Myer has nowhere argued that Missouri law is complex or differs in any material respect from Texas law.  As the Texas Court of Appeals has

---

[8] The Consulting Agreement contains a Missouri choice-of-law clause.

-5-

stated with respect to the application of Louisiana law, Missouri law is not "so daunting that a Texas court would be unable to correctly apply it." BDO Seidman, LLP v. Bracewell & Patterson, LLP, No. 05-02-00636-CV, 2003 WL 124829, at *5 (Tex. App. Jan. 16, 2003).

Second, the exception in Section 28(3) of the Restatement is inapposite, because it is intended for situations in which a court of limited or questionable jurisdiction issues a judgment that the victor later attempts to use to preclude relitigation. An illustration is given by the exception's comments:

> [A] determination in a state court action on a patent license agreement upholding the defense that the patent was invalid for want of invention would not be held binding in a subsequent federal court action for patent infringement if the Congressional grant of exclusive jurisdiction in patent infringement cases to the federal district courts is construed to require otherwise. The question in [such a] case would be resolved in light of the legislative purpose in vesting exclusive jurisdiction in a particular court.

Restatement (Second) of Judgments § 28 cmt. e (1982). Earlier on, the comment provides an example making clear that a judgment issued by a state court should be given preclusive effect in federal court absent any jurisdictional uncertainty:

> [I]n a state court action on a patent license agreement, a determination may be made that the agreement terminated on a particular date; such a determination would be conclusive in a subsequent federal court action between the same parties for patent infringement. See 28 U.S.C. § 1738.

Id.[9] Here, there is no question that the Texas state court had jurisdiction to confirm

---

[9] 28 U.S.C. § 1738, the Full Faith and Credit statute, provides in pertinent part: "Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its

-6-

the arbitration award. See Moses H. Cone, 460 U.S. at 25 ("the federal courts' jurisdiction to enforce the Arbitration Act is concurrent with that of the state courts"); In re Kellogg Brown & Root, Inc., 166 S.W.3d 732, 739 (Tex. 2005) (same).[10] Hence, the exception in Section 28(3) of the Restatement is inapplicable.[11]

Finally, Myer argues that the district court's judgment must be reversed because, were the Texas state-court's judgment to be reversed on appeal, he would then be unable to seek review of the arbitration award in federal court due to the Federal Arbitration Act's 90-day statute of limitations. This Court will not reverse on the basis of a speculative future possibility. Moreover, even if the Texas state court's judgment were reversed, Myer would then be able to argue in state court that the arbitration award should be vacated. We therefore perceive no prejudice to Myer if the statute of limitations precluded him from seeking relief in federal court should the Texas state court's judgment be reversed. Indeed, the Texas state court in that instance would be required to apply the Federal Arbitration Act, just as the district court would be required to do if we were to reverse the decision at issue here.

---

Territories and Possessions as they have by law or usage in the courts of such State, Territory, or Possession from which they are taken."

[10] Contrary to Myer's argument in his Reply Brief, this is not an *in rem* action concerning his right to certain stock under the terms of the Consulting Agreement, but rather is an *in personam* action against Americo seeking to vacate the arbitration award.

[11] Myer also cites Section 28(4) of the Restatement. That exception applies when the party invoking *res judicata* had a lower burden of persuasion in the earlier proceeding than in the later proceeding. Here, the standards to be applied by the district court and by the Texas state court are the same, because the Federal Arbitration Act governs review of the arbitration award.

## III. CONCLUSION

The Texas state court has now fully and finally resolved the same issues Myer pressed before the district court. *Res judicata*, therefore, bars the district court's consideration of Myer's claims, which renders it unnecessary to reach the issues Myer has raised on appeal. Accordingly, we affirm the judgment of the district court.

_____