MURDOCK, Justice
(concurring specially).
I fully agree with the analysis in the main opinion. My agreement extends to both the underlying substantive zoning issue and the conclusion that the adjudication of the civil action in this case results in a res judicata bar of the appeal of the administrative proceeding.
I write separately to comment on the two paragraphs of the decision of the United States Court of Appeals for the Eighth Circuit in Myer v. Americo Life, Inc., 469 F.3d 731, 733 (8th Cir.2006), quoted in note 2 of the main opinion. I first note that I agree with the approach reflected in the second paragraph, in which the Court of Appeals concludes that an action is barred by the doctrine of res judicata because of an earlier judgment in a separate action involving the same dispute. This, of course, is the same conclusion we reach today in the present case.
In the first of the two paragraphs from the Myer decision quoted in note 2, the Court of Appeals suggests that the dispute *643 was not made “moot” by the earlier entry of the judgment in a separate action in light of the fact that one of the parties to that separate action had indicated that he was appealing that earlier judgment. In my view, that statement is correct insofar as it goes. I would suggest, however, that it does not go far enough. That is, even if the litigant had not indicated that he would appeal the judgment in the separate action, the bar emanating from that prior judgment would be one of res judicata, not mootness, at least not in the true sense of the latter term. There is a difference between the resolution of a controversy by the judicial mechanism (res judicata) and a change in the facts of that controversy external to that mechanism so that the controversy evaporates, leaving nothing upon which that mechanism might act (mootness).